UNITED STATES of America, Appellee,

v.

Frank GRASSO, Defendant–Appellant.

No. 191 Docket 93–1227.

United States Court of Appeals,
Second Circuit.

Argued Sept. 17, 1993.

Decided Sept. 29, 1993.

Deirdre A. Keating, Albany, NY, for defendant-appellant.

George A. Yanthis, Asst. U.S. Atty., N.D. New York, Albany, NY (Gary L. Sharpe, U.S. Atty., N.D. New York, of counsel), for appellee.

Before: OAKES, PRATT, and MAHONEY, Circuit Judges.

PER CURIAM:

Defendant-appellant Frank Grasso appeals from a judgment of conviction and resulting sentence imposed March 19, 1993 in the United States District Court for the Northern District of New York, Thomas J. McAvoy, *Judge,* following Grasso's plea of guilty to three specifications of a petition alleging that he violated the conditions of his supervised release. The court sentenced Grasso to an eight-month term of imprisonment.

Violations of probation and supervised release are not subject to the adjustments of offense level for which provision is made in chapter three of the Sentencing Guidelines. *See* U.S.S.G. ch. 7, pt. A. Indeed, an entirely separate "Revocation Table," rather than the generally applicable "Sentencing Table," is provided for violations of probation and supervised release, and the Revocation Table does not employ offense levels. *See* U.S.S.G. § 7B1.4, p.s. Accordingly, we shall construe Grasso's appeal as challenging the district court's refusal to depart downwardly from the range of imprisonment specified in § 7B1.4, rather than as seeking a reduction in offense level, for Grasso's acceptance of responsibility.

■ The district court's refusal to depart downwardly, however, is not cognizable on appeal as long as the court recognized that it had the authority to depart. We have so decided with respect to downward departures from sentencing ranges set forth in the Sentencing Table. *See United States v. Ritchey,* 949 F.2d 61, 63 (2d Cir.1991) (collecting cases). Perceiving no basis for a distinction, we now extend this rule to sentencing ranges set forth in the Revocation Table. In the instant case, the district court clearly acknowledged that it had the authority to depart from the guideline range; it simply declined to do so.

■ Grasso argues in effect that it is a violation of equal protection to allow an adjustment of the offense level for acceptance of responsibility with respect to the Sentencing Table, but not to employ offense levels with respect to the Revocation Table. He contends that as a result, a defendant sentenced under the Revocation Table for a violation of probation or supervised release is consigned to a plea for a downward departure, rather than an adjustment of his offense level, for acceptance of responsibility. We discern no irrationality in the Sentencing Commission's choice of different structures and approaches for the Sentencing Table and Revocation Table. Indeed, there is a world of difference between sentencing in the first instance and revoking probation or supervised release.

We accordingly affirm the judgment of conviction and the sentence imposed by the district court.