**UNITED STATES of America, Appellee,**

v.

**Genevieve LAWAL, Francis Wiredu, Augustina Erskine, Hannah Nemo, Agnes Anane, Constance Hagan, and Osman El–Alana, Defendants,**

**Adu Gyanfi Wiredu, Defendant–Appellant.**

**No. 8, Docket 92–1462.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 30, 1993.

Decided Feb. 24, 1994.

Julie E. Katzman, Assistant United States Attorney for the Eastern District of New York (Zachary W. Carter, United States Attorney for the Eastern District of New York, Susan Corkery, Assistant United States Attorney, of counsel), for appellee.

Georgia J. Hinde, New York, New York (Vivian Shevitz, New York, New York, of counsel), for defendant-appellant.

Before: MESKILL, KEARSE and JACOBS, Circuit Judges.

JACOBS, Circuit Judge:

A criminal defendant who is the beneficiary of a downward departure under the Sentencing Guidelines appeals from the sentence on the ground that the United States District

Court for the Eastern District of New York (Nickerson, J.) did not ·adduce the required statement of reasons for the departure and because circumstances of the sentencing suggest to defendant that the extent of the departure was curtailed for impermissible considerations. We dismiss the appeal for lack of jurisdiction.

## BACKGROUND

On October 8, 1991, Adu Gyanfi Wiredu and five of his co-defendants in this case arrived in New York aboard a flight from Ghana. Wiredu, his brother Francis, and Eve Darko were arrested when customs inspectors found heroin in their baggage. Almost immediately, Wiredu and his brother agreed to cooperate with law enforcement agents, and their cooperation led to the arrest of several co-conspirators.

Pursuant to a formal cooperation agreement with the government, Wiredu pleaded guilty on January 14, 1992 to an indictment charging him and his co-defendants with conspiring to import heroin into the United States in violation of 21 U.S.C. § 963.

The presentence report issued by the Probation Office in May 1992 calculated that, under the Sentencing Guidelines, Wiredu's sentence would range from 78 to 97 months, but noted that Wiredu's offense carried a mandatory minimum prison term of ten years under 21 U.S.C. § 960(b)(1)(A). The government, however, in recognition of Wiredu's substantial assistance to law enforcement authorities, moved pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 to permit a downward departure from the mandatory minimum and Guidelines sentences.

At Wiredu's sentencing hearing on June 26, 1992, his counsel suggested that the criminal episode was an aberration attributable to business reverses, emphasized his client's prompt cooperation with the government, argued that Wiredu was a minimal participant in the drug conspiracy, and urged the district court to depart downward based on the government's § 5K1.1 motion. He also alluded to Wiredu's "medical problems" and the recent burglarization of Wiredu's apartment as additional factors to consider in sentencing.

The prosecutor confirmed that Wiredu was a minimal participant, but contested the idea that Wiredu's criminal behavior was motivated by financial hardship, adding "particularly where he was a—he was in the United States lawfully and could work here...."

The district court then granted Wiredu a three level reduction for timely acceptance of responsibility, the third level representing essentially a prospective application of an amendment to U.S.S.G. § 3E1.1 that otherwise did not become effective until November 1, 1992.· Then, after a brief statement by the defendant, the district court judge announced "I am going to depart downward and impose a sentence of 33 months, and I don't impose a fine. I find you are unable to pay a fine. And I impose a term of supervised release of three years, which is the minimum that I can, and a $50 assessment."

## ANALYSIS

 Our jurisdiction to hear a defendant's appeal from a sentence is limited to instances in which the sentence imposed is (1) in violation of the law; (2) a misapplication of the Guidelines; (3) an upward departure from the Guidelines; or (4) a plainly unreasonable penalty for an offense not included in the Guidelines. *See* 18 U.S.C. § 3742(a). "[I]t is beyond question that we may not review a district court's determination not to grant a downward departure. It follows logically, then, that neither may we review, at defendant's request, the *extent* of any departure the court may grant." *United States v. Doe*, 996 F.2d 606, 607 (2d Cir.1993) (citations omitted). We have recognized, however, that a defendant may appeal from a discretionary decision not to depart downward if that decision is made in violation of the law or if that decision is a result of a misapplication of the Guidelines. *See United States v. Adeniyi*, 912 F.2d 615, 618 (2d Cir.1990); *United States v. Soliman*, 889 F.2d 441, 443 (2d Cir.1989); *United States v. Colon*, 884 F.2d 1550, 1552–54 (2d Cir.), *cert. denied sub nom. Papathanasion v. United States*, 493 U.S. 998, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989). It follows from these authorities that a defendant likewise may appeal the *extent* of a downward departure if,

but only if, either of the same two conditions are met.

■ Wiredu concedes in his brief that the downward departure was, at least in part, premised on Wiredu's substantial assistance to the government. A downward departure for such assistance is undoubtedly valid, and the extent of the departure is ordinarily unappealable. *Doe,* 996 F.2d at 607. Wiredu, however, points to the deeper sentence reductions awarded to co-defendants in allegedly comparable circumstances. He claims that, in addition to valid considerations (such as the nature and fruitfulness of his cooperation), the district court may have considered invalid factors in determining his sentence, such as the superior employment opportunities available to him as a legal resident in this country. He argues that these allegedly impermissible factors might have been revealed if the district court had complied with 18 U.S.C. § 3553(c), which requires that "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence ... is [outside the Guidelines range], the specific reason for the imposition of a sentence different from that [range]." The question is whether the district court's failure to state reasons for the downward departure is appealable by a defendant. We hold that it is not.

Wiredu's challenge to his sentence is premised on speculation concerning the district court's grounds for departing downward to 33 months and no further. There is force to the argument that Wiredu is relegated to speculation because the sentence was imposed without the required statement of reasons that might have obviated any speculation. Nevertheless, we lack jurisdiction for the following reasons.

■ Although failure to state reasons for a downward departure *can* be characterized as "in violation of law," we have refused to construe that phrase "broadly to allow appeals based on any arguable claim of error in sentencing." *Colon,* 884 F.2d at 1553. In *Colon,* we found that Congress intended to confine appellate review of sentences to those that were "based on impermissible considerations, or [were] the result of some other demonstrable error of law." *Id.* Moreover, Congress specifically restricted "review of departures upward to defendants and departures downward to the government 'in order to avoid unnecessary appeals.' " *Id.* at 1556 (quoting S.Rep. No. 225, 98th Cong., 2d Sess. 154, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3337); *see also* 18 U.S.C. § 3742. Unquestionably, a defendant could challenge a failure to state reasons for making an *upward* departure. However, to interpret the phrase "in violation of law" as permitting a defendant to appeal from a *downward* departure simply because the district court fails to state reasons therefor, would impermissibly erode the jurisdictional limitation contained in § 3742(a)(3), which restricts defense appeals to upward departures. *Cf. United States v. Dean,* 908 F.2d 215, 217 (7th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2801, 115 L.Ed.2d 974 (1991) (no jurisdiction under § 3742(a)(2) to review defendant's claim that the extent of a downward departure was a misapplication of the Guidelines).

■ The dominant purpose of a statement of reasons is to assist appellate review. Such a statement cannot assist us if we lack jurisdiction to hear an appeal, as when a defendant wishes to appeal from a downward departure. Thus no statement of reasons is required if the district court refuses to downwardly depart at all, because that exercise of discretion is unappealable unless it results from the district court's misunderstanding of its own authority, *see United States v. Grasso,* 6 F.3d 87, 88 (2d Cir.1993); *United States v. Ritchey,* 949 F.2d 61, 63 (2d Cir.1991). Even so, a district court's silence concerning its refusal to depart downward does not support an inference that the district court misapprehended its scope of authority. *United States v. Bailey,* 975 F.2d 1028, 1035 (4th Cir.1992). Similarly, when a district court departs downward without explanation, we will not infer (on an appeal by a defendant who hoped for more) that the district court limited its departure for impermissible reasons, unless there are circumstances more suggestive than silence. In summary: (a) the statement of reasons required by § 3553(c) is intended to permit meaningful review when a defendant challenges an up-

ward departure (or when the government challenges a downward departure); (b) we do not review, "at defendant's request, the *extent* of any [downward] departure the court may grant," *Doe,* 996 F.2d at 607; and (c) the silence of a district court concerning the extent of a downward departure does not alone imply improper grounds for going no further. There is therefore no statement that the district court is required to make that would furnish a ground for an appeal that this defendant could pursue.

The circumstances of this appeal justify adherence to the general rule that the beneficiary of a downward departure is not in a position to complain about its reasonableness or extent. A valid ground for the downward departure—Wiredu's cooperation with the authorities—is in the record. The government moved to permit the court to depart from the Guidelines and the statutory minimum pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). Defense counsel urged departure downward on those grounds, and others. The government sought no upward adjustment or departure, and there is therefore no danger (and no claim by the defendant) that the sentencing court imposed one as an undetected offset to what would otherwise have been a deeper downward departure. A defendant's speculation that a statement of reasons might have revealed the district court's reliance on invalid considerations does not raise a concern that the sentence was imposed in violation of law or as a misapplication of the Guidelines.

■ In addition to its role in assisting appellate review, the statement of reasons may also serve an educational purpose for the Sentencing Commission, which may use the statements "to help revise or clarify the Guidelines for the future." *United States v. Rivera,* 994 F.2d 942, 946 (1st Cir.1993). While this is a useful purpose, even an important one, we do not deem this a jurisdiction-conferring consideration.

Finally, Wiredu contends that the extent of the departure may have been affected by a miscalculation of his base offense level, which he argues was inflated by attributing to him the amounts of heroin carried by his co-conspirators. This claim was not raised before the district court and ordinarily would not be reviewed absent a showing of plain error. Fed.R.Civ.P. 52(b). Perhaps to avoid the consequences of this infirmity, Wiredu asserts that he is not raising this issue "as a basis in and of itself for reversing and remanding for resentencing, but as one example of an error on which the district court relied in selecting the extent of departure it did. . . ." Since this argument is raised by prudent counsel to ensure that, in the event of a remand, Wiredu might seek findings as to whether the amount of heroin carried by his codefendants was reasonably foreseeable by him, we need not address his argument because there will be no remand.

## CONCLUSION

We lack jurisdiction to hear this appeal, and the appeal is dismissed.