101 F.3d 684
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Gilberto CARPIO-BAJANA, Defendant-Appellant.
 No. 95-1393.
 United States Court of Appeals, Second Circuit.
 May 17, 1996.
 
 1
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York, it is hereby
 
 
 2
 ORDERED, ADJUDGED, AND DECREED that the appeal hereby is DISMISSED.
 
 
 3
 APPEARING FOR APPELLANT: Anthony N. Iannarelli, Jr., New York, NY.
 
 
 4
 APPEARING FOR APPELLEE: Elaine D. Banar, Assistant United States Attorney for the Eastern District of New York, Brooklyn, NY.
 
 
 5
 E.D.N.Y.
 
 
 6
 DISMISSED.
 
 
 7
 Before MESKILL, MINER, Circuit Judges, and SCULLIN, Jr.,* District Judge.
 
 SUMMARY OPINION
 MESKILL
 
 8
 This cause came to be heard on the transcript of record and was argued by counsel.
 
 
 9
 Defendant-appellant Gilberto Carpio-Bajana appeals from a judgment entered in the United States District Court for the Eastern District of New York (Seybert, J.) convicting him, following a plea of guilty, of importing heroin, in violation of 21 U.S.C. § 952(a). The district court sentenced Bajana to a 37-month term of imprisonment, a three-year term of supervised release, and a $50 special assessment.
 
 
 10
 On February 2, 1995, Bajana was arrested at John F. Kennedy International Airport while attempting to import approximately 474 grams of heroin into the United States. On March 9, 1995, the government filed a two-count indictment charging Bajana with importing heroin, in violation of 21 U.S.C. § 952(a), and with possession of heroin with the intent to distribute, in violation of 21 U.S.C. § 841. Thereafter, Bajana entered into an agreement with the government, in which he agreed to plead guilty to the § 952 count.
 
 
 11
 The plea agreement estimated that, under the Sentencing Guidelines, Bajana would receive a sentence of 37 to 46 months. The plea agreement also provided that "[t]he defendant agrees not to ... file an appeal in the event that the court imposes a sentence within or below the applicable Sentencing Guideline range as determined by the court, even if the applicable Sentencing Guideline[ ] range as determined by the Court exceeds the estimated Sentencing Guideline range contained [in this agreement]."
 
 
 12
 On March 29, 1995, Bajana pleaded guilty to the § 952 count. During the allocution, the district court advised Bajana that the plea agreement estimated a term of imprisonment of 37 to 46 months and that Bajana would be unable to "appeal the sentence if [the court] impose[d] a sentence that's higher or a sentence that is within those guideline ranges or less than the guideline range." Bajana responded that he understood the agreement.
 
 
 13
 At the June 7, 1995 sentencing hearing, Bajana argued for a downward departure based on extraordinary circumstances, citing various family-related difficulties, financial hardship, and medical problems caused by swallowing balloons containing heroin. After considering each of these arguments, the district court denied Bajana's request for a downward departure. The district court, without objection from Bajana, sentenced him principally to a 37-month term of imprisonment.
 
 
 14
 Bajana now appeals his sentence, claiming that the district court erred by failing to provide a sufficient explanation for denying his motion for a downward departure and that he is entitled to a sentence reduction based on the "safety valve" provisions of U.S.S.G. §§ 2D1.1 and 5C1.2. We think that these claims are not only without merit, but are not properly before this Court.
 
 
 15
 We have held that "[i]n no circumstances ... may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement." United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir.), cert. denied, 113 S.Ct. 3060 (1993). Bajana entered into a plea agreement in which he agreed not to file an appeal in the event that the district court imposed a sentence within or below the applicable Guideline range. The district court then imposed the lowest sentence contemplated in the plea agreement. Moreover, the district court advised Bajana that, by entering the plea agreement, he was waiving his right to appeal, and Bajana indicated that he understood this agreement. Bajana offers no explanation why the plea agreement should not be enforced. Accordingly, we think that Bajana waived his right to appeal his sentence.
 
 
 16
 In any event, both of Bajana's claims are meritless. Although the district court is not required to specify its reasoning for refusing to grant a downward departure, see United States v. Lawal, 17 F.3d 560, 563 (2d Cir.1994), the district court fully explained its reasons for denying Bajana's request for a downward departure. In addition, Bajana was not entitled to a downward departure based on the "safety valve" provisions of U.S.S.G. §§ 2D1.1 and 5C1.2 because these provisions became effective after Bajana was sentenced, see U.S.S.G. Amendment 515 (effective date November 1, 1995), and the provisions are not retroactive, see U.S.S.G. § 1B1.10.
 
 
 
 *
 The Honorable Frederick J. Scullin, Jr. of the United States District Court for the Northern District of New York, sitting by designation