**UNITED STATES of America,**
**Appellee,**

v.

**Errol Llewellyn CROWN, also known as Errol Llewellyn, also known as Erroll Crown, also known as Errol L. Crown, Defendant–Appellant.**

**Docket No. 00–1702.**

United States Court of Appeals,
Second Circuit.

June 18, 2001.

Mitchell A. Golub, New York, NY, for appellant.

Laurie A. Korenbaum, Assistant United States Attorney, New York, NY, for appellee.

Present CARDAMONE, and PARKER, Circuit Judges, and SPATT, District Judge.[*]

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the said District Court be and it hereby is AFFIRMED.

Errol Llewellyn Crown appeals from the judgment of conviction and sentence of the United States District Court for the Southern District of New York (Schwartz, J.) entered on October 13, 2000. Following a one-day jury trial, Crown was convicted of one count of illegally reentering the United States after having been deported subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(2).

Crown, a native of Belize, was originally deported in early 1994, resulting from his 1992 federal narcotics conviction. Crown applied for a waiver of deportation under 8 U.S.C. § 1182(c) (1988), but was denied this waiver following a hearing before an Immigration Judge. Crown returned to the United States soon after his deportation, and was quickly found and prosecuted for illegal reentry in 1994. Crown pleaded guilty to this offense, and was sentenced to 46 months imprisonment. Crown was again deported, in 1998, after he served this sentence. In March 1999, Crown was arrested for violating the condition of his supervised release that he not enter the United States without permission. He was subsequently indicted for the instant offense.

Crown presents four arguments on appeal, relating to the district court's disposition of certain pre-trial motions and to his sentence. First, Crown argues that the district court erred in denying his motion to dismiss the indictment, because his exclusion proceeding failed to comport with due process. Second, Crown argues that the district court erred in granting the government's motion in limine precluding him from presenting evidence on the defense of necessity. Third, Crown argues that the district court erred in not award-

---

[*] The Honorable Arthur D. Spatt, of the United States District Court for the Eastern District of New York, sitting by designation.

ing him a two-point reduction to his offense level for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1 (1998). Finally, Crown contends that the district court based its decision to deny discretionary downward departures under U.S. Sentencing Guidelines Manual §§ 5K2.11 and 5K2.12 on erroneous factual findings.

■ Upon review of Crown's first argument, in which Crown essentially attempts to collaterally attack his immigration proceeding based on allegations of ineffective immigration counsel, this Court concludes that the district court properly determined that Crown could not satisfy two of the three requirements contained in 8 U.S.C. § 1326(d).[1] Thus, we affirm for substantially the same reasons as stated by the district court in *United States v. Crown*, No. 99 CR 1044, 2000 WL 364890 (S.D.N.Y. April 10, 2000).

■ We likewise conclude that the district court properly precluded Crown from presenting a necessity defense. Crown, who is HIV positive, argues here, as he did below, that it was necessary for him to reenter the United States illegally because there are no medical services for persons with HIV in Belize. The district court concluded, and we agree, that Crown "was not entitled to offer evidence at trial on the defense of necessity because there were lawful alternatives available to him other than entering the United States illegally." We therefore affirm for substantially the reasons set forth by the district court. *See United States v. Crown*, No. 99 CR

1044, 2000 WL 709003 (S.D.N.Y. May 31, 2000).

Finally, we find Crown's challenges to his sentence to be without merit. A district court's determination regarding acceptance of responsibility is entitled to great deference; this determination will not be disturbed on appeal unless it is without foundation. *See* U.S. Sentencing Guidelines Manual § 3E1.1 Application Note 5 (1998); *United States v. Case*, 180 F.3d 464, 468 (2d Cir.1999). We have reviewed Crown's arguments and conclude that the district court's denial of an acceptance of responsibility reduction is not "without foundation" and, thus, must be affirmed.

We reject Crown's challenge to the district court's denial of a discretionary downward departure under U.S. Sentencing Guidelines Manual § 5K2.11 (Lesser Harms) or § 5K2.12 (Coercion and Duress). A district court's refusal to grant a downward departure is normally not reviewable on appeal, unless the defendant claims that the district court was unaware of, or misconstrued, its authority under the Guidelines to grant a downward departure. *United States v. Galvez–Falconi*, 174 F.3d 255, 257 (2d Cir.1999); *United States v.. Lawal*, 17 F.3d 560, 562 (2d Cir.1994). Crown does not contend that Judge Schwartz misconstrued his authority under the Guidelines. Further, we find Crown's contention that Judge Schwartz based his denial on an erroneous factual finding to be without merit.

---

1. 8 U.S.C. § 1326(d) provides that:
   In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order ... unless the alien demonstrates that—
   (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
   (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
   (3) the entry of the order was fundamentally unfair.

For the reasons set forth above, the judgment of the district court is AFFIRMED.