**UNITED STATES of America,**
**Appellee,**

v.

**Pan DENG, Appellant.**

**No. 00–1310.**

United States Court of Appeals,
Second Circuit.

Oct. 9, 2001.

**32**

David Gordon, Esq., Gordon & Horwitz, New York, NY, for appellant.

Chauncy Parker, Esq., Assistant United States Attorney, New York, NY, for appellee.

Present LEVAL, SOTOMAYOR, Circuit Judges, and McMAHON, District Judge.*

*SUMMARY ORDER*

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Kevin Thomas Duffy, Judge), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED in part and VACATED and REMANDED in part.

Defendant Pan Deng appeals from a judgment entered in the United States District Court for the Southern District of New York following his plea of guilty before John E. Sprizzo, Judge, to the charge of participating in a racketeering enterprise, identified as the Fukienese Flying Dragons, in violation of 18 U.S.C. § 1962(c), and his subsequent sentence, imposed by Kevin Thomas Duffy, Judge, which included 60 months' imprisonment to be followed by a five-year term of supervised release, as well as a $100 special assessment. On appeal, Deng argues (1) that the sentencing court erred in limiting the extent of a downward departure, and (2) that the imposition of a $100 special assessment violated the *ex post facto* clause of the United States Constitution.

Appellate review of a defendant's sentence is statutorily limited to instances in which the sentence imposed was (1) in violation of law; (2) a result of an incorrect application of the Sentencing Guidelines; (3) greater than that specified in the applicable Guideline range; or (4) a plainly unreasonable penalty for an offense not included in the Guidelines. *See* 18 U.S.C. § 3742(a); *United States v. Lawal,* 17 F.3d 560, 562 (2d Cir.1994). In the instant case, the district court properly determined the applicable Guidelines range and granted a downward departure from that range pursuant to its authority under U.S.S.G. § 5K1.1. Contrary to Deng's assertions, the record clearly demonstrates that the district court fully understood the scope of its departure authority, did not misapply the Guidelines, and did not misconstrue the law.

Deng is, however, correct in his assertion that the $100 special assessment in connection with his sentence violated the *ex post facto* clause. The government has conceded this point and has recommended that the special assessment be reduced to the correct amount of $50.

We have considered all of Deng's contentions that are properly before us and have found his claim that the district court improperly sentenced him to be without merit. The judgment of the district court is affirmed except the special assessment portion of Deng's sentence is vacated and remanded to the district court with instructions to reduce the special assessment to $50.

---

* The Honorable Colleen McMahon of the United States District Court for the Southern Dis-
trict of New York, sitting by designation.