**UNITED STATES of America,**
**Appellee,**

v.

**Luis ALVAREZ, aka Fernando Canas,**
**Kenneth O. Perez, Melissa**
**Castleman, Defendants,**

**Theodore F. Gosselin, Defendant–Apellant.**

**Docket No. 01–1283.**

United States Court of Appeals, Second Circuit.

Feb. 5, 2002.

E.M. Allen, Stetler, Allen & Kampmann, Burlington, VT, for Defendant–Appellant.

John M. Conroy, Assistant United States Attorney, District of Vermont, Burlington, VT, for Appellee.

Present JON O. NEWMAN, KATZMANN, Circuit Judges, and GLEESON,* District Judge.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

* The Honorable John Gleeson, District Judge for the Eastern District of New York, sitting by designation.

In this appeal from a judgment in a criminal case, defendant Theodore F. Gosselin requests that we vacate his sentence and remand for resentencing on the grounds that the district court (J. Garvan Murtha, *Chief Judge*) misconstrued its authority to depart from the Sentencing Guidelines and that the resulting sentence violated the constitutional guarantee of equal protection. For the reasons that follow, we affirm.

On October 12, 2000, the Government filed a three-count superseding indictment against defendant in United States District Court for the District of Vermont, charging him with possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), conspiracy to distribute, in violation of 21 U.S.C. § 846, and with possession of fourteen firearms following a conviction in Vermont state court for a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). Although defendant had been initially indicted with three other co-defendants, the superseding indictment was filed after these co-defendants were convicted and thus charged defendant alone. Pursuant to a plea agreement, defendant pleaded guilty to the charge of possession with intent to distribute and the remaining charges were dropped. Under said agreement, the Government promised, *inter alia*, not to oppose a recommendation by the sentencing judge that defendant be allowed to participate in the 500 Hour Drug and Alcohol Education Program (the "Drug Program") run by the Bureau of Prisons ("BOP").

Prior to sentencing, defendant moved for a downward departure from the Sentencing Guidelines on various grounds, all of which were denied. On May 4, 2001, Chief Judge Murtha sentenced defendant to 57 months imprisonment, to be followed by a three-year period of supervised release. Judge Murtha did, however, recommend to the BOP that defendant be allowed to participate in the Drug Program and retain eligibility for the attendant early release benefits, despite the BOP's policy of categorically denying such benefits to prisoners whose offenses involved the possession of firearms. *See* 18 U.S.C. § 3621; 28 C.F.R. § 550.58 (2001).

 On appeal, defendant argues, *first,* that the district court misconstrued its authority to depart based on (a) defendant's "extraordinary rehabilitation," (b) his ineligibility for early release benefits, and (c) the alleged unwarranted disparity between his sentence and those of his co-defendants. It is well established that we cannot review a district court's discretionary refusal to depart unless that decision was made "in violation of law" or resulted from a "misapplication of the Guidelines." *See, e.g., United States v. Lawal,* 17 F.3d 560, 562 (2d Cir.1994). As we have explained, "[a] decision not to depart downward would be 'in violation of law' . . . if it was based upon constitutionally impermissible considerations or an erroneous interpretation of law, such as a sentencing court's mistaken conclusion that it lacked the statutory authority to depart." *United States v. Adeniyi,* 912 F.2d 615, 619 (2d Cir.1990). At sentencing, the district court, in reviewing defendant's arguments for departure—arguments that included those he makes here on appeal—stated that "I realize I have the discretion to downwardly depar[t] on these bases, but I will not do so for the reasons that I stated." Based on this statement, and on our reading of the sentencing transcript as a whole, we find no reason to conclude that defendant's sentence resulted from the district court's failure to recognize its authori-

**662**

ty to depart.[1] *See United States v. Brown*, 98 F.3d 690, 694 (2d Cir.1996) (per curiam) (noting the presumption "that district judges understand the much-discussed processes by which they may, in circumstances permitted by law, exercise discretion to depart from the sentence range prescribed by the Guidelines calculus.").

■ *Second*, defendant brings a new argument on appeal that the disparity between his sentence and those received by his co-defendants raises equal protection concerns. This argument is unpersuasive for several reasons, not the least of which is that the disparity alleged here resulted from the fact that the sentencing factors properly applicable to defendant and his co-defendants were different. So, for example, co-defendant Luis Alvarez was eligible for the "safety valve" reduction under U.S.S.G. § 5C1.2 and § 2D1.1(b)(6) and did not possess firearms during his offense. Similarly, co-defendant Kenneth Perez did not possess firearms and, unlike defendant, cooperated with the Government during its investigation, thus qualifying for a substantial assistance departure. Accordingly, there is no plain error or defect affecting substantial rights to be found in the differing sentences received by the defendants in this case. *See United States v. Keppler*, 2 F.3d 21, 23 (2d Cir. 1993).

We have considered all of defendant's arguments on appeal and find them to be without merit. The judgment of the District Court is therefore AFFIRMED.

---

1. In such a circumstance, a district court's denial is not appealable, and therefore, we need not address the Government's argument that ineligibility for early release benefits and inter-defendant disparity are not proper grounds for departure.