**UNITED STATES of America,
Appellee,**

v.

**John DOE, Defendant–Appellant.**

**Docket No. 00–1514L.**

United States Court of Appeals,
Second Circuit.

Aug. 5, 2002.

See, also, 2002 WL 1565162.

James Neuman (Richard Jasper, New York, NY, on brief), for Appellant.

Bernadette Miragliotta, United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.

Present FEINBERG, OAKES, and F.I. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED IN PART, DISMISSED IN PART, AND DECIDED IN PART BY SEPARATE OPINION.

Defendant-appellant appeals from the judgment entered July 10, 2000, in the United States District Court for the Eastern District of New York (Johnson, J.), convicting Defendant, following his plea of guilty, of conspiracy to import cocaine into the United States, in violation of 21 U.S.C. § 963, and sentencing him to 262 months imprisonment, which he is serving, five years of supervised release, and a $100 special assessment.

In this order, we address (1) whether the government acted in bad faith in deciding not to file a Section 5K1.1 motion; and (2) whether Judge Johnson erred in denying Defendant's downward departure motions. In a separate opinion, we address Defendant's argument that his sentence was erroneously enhanced on the basis of drug amounts that were not specified in the indictment or in a jury finding beyond reasonable doubt.

We affirm the district court's ruling that the government was justified in withholding the 5K1.1 letter, based on its honest belief that the Defendant lied while testifying under oath and thereby breached his cooperation agreement. *See, e.g., United States v. Fernandez,* 127 F.3d 277, 286 (2d Cir.1997)(where a cooperation agreement required the defendant to be

truthful, his subsequent lying to the government constitutes a breach of the agreement, allowing the government to refrain from making a § 5K1.1 motion); *United States v. Brechner,* 99 F.3d 96, 99 (2d Cir.1996) (same); *United States v. Pollack,* 91 F.3d 331, 336 (2d Cir.1996) (same); *United States v. Resto,* 74 F.3d 22, 27 (2d Cir.1996) (same).

■ We lack jurisdiction to review the district court's refusal to depart downwardly in this case because the court did not mistakenly believe it lacked authority to depart downwardly; to the contrary, the court expressly stated on the record *twice* that it understood it had such authority but simply decided not to exercise its discretion to depart. *See, e.g., United States v. Galvez-Falconi,* 174 F.3d 255, 257 (2d Cir.1999). It is settled that a district court is not required to specify its reasons for refusing to depart downwardly. *See United States v. Lawal,* 17 F.3d 560, 563 (2d Cir.1994); *United States v. Hargrett,* 156 F.3d 447, 449–50 (2d Cir.1998) (expressly adopting *Lawal* ). We therefore dismiss Defendant's appeal with respect to the district court's refusal to depart downwardly.

For the reasons set forth above, the judgment of the district court is AFFIRMED IN PART, DISMISSED IN PART, AND DECIDED IN PART BY SEPARATE OPINION.