**UNITED STATES of America,**
**Appellee,**

v.

**Carmine FUSCO, Defendant–Appellant.**

**Docket No. 02–1065.**

United States Court of Appeals, Second Circuit.

Nov. 21, 2002.

Louis R. Aidala, New York, NY, for Appellant.

Roberto Finzi, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, Christine H. Chung, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present KEARSE, McLAUGHLIN and SOTOMAYOR, Circuit Judges.

***SUMMARY ORDER***

UPON DUE CONSIDERATION of this appeal from a judgment of the United

States District Court for the Southern District of New York (Richard M. Berman, *Judge*), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Defendant Carmine Fusco appeals a judgment of conviction, with a sentence of 30 months' imprisonment, entered in the United States District Court for the Southern District of New York (Berman, J.), following his guilty plea to one count of conspiracy to distribute and possess with intent to distribute narcotics in violation of 21 U.S.C. §§ 812, 841(a)(2), 841(b)(1)(C). On appeal, defendant argues that the District Court committed legal error in determining his sentence, violated his due process rights by accepting his guilty plea when it was not knowing and voluntary, and that the government's policy in this case abrogated the protections of U.S.S.G. § 1B1.8, which allows the government to provide immunity for information that cooperating witnesses provide. Finding none of these arguments persuasive, we affirm, but remand to the District Court for correction of an error in the written judgment.

As to defendant's challenge of his sentence, we are without jurisdiction to hear an appeal from defendant challenging the extent of the District Court's downward departure. *United States v. Hargrett,* 156 F.3d 447, 450 (2d Cir.1998). This includes any review of the District Court's failure to state its reasons for the extent of its departure. *United States v. Lawal,* 17 F.3d 560, 564 (2d Cir.1994). We do, however, have jurisdiction to review whether defendant's sentence was imposed in violation of the law. *See Hargrett,* 156 F.3d at 450. Defendant attempts to transform his dissatisfaction with the District Court's departure into a error of law by arguing that the District Court violated the law when

determining his sentence by: (1) using a formula instead of making an individualized determination of the appropriate sentence; (2) sentencing defendant based upon the impermissible ground of "proportionality" of his sentence to others who were convicted of similar crimes; and (3) giving the perception that it considered defendant's ethnic background. None of these arguments finds support in the record.

■ The District Court did not use a formula in determining the appropriate sentence; its final sentencing determination was based entirely on its discretionary view of the relevant factors. To the extent the District Court viewed proportionality as a factor to weigh in the analysis, this was not impermissible and is, therefore, unreviewable. *See U.S. Sentencing Guidelines Manual,* Ch.1 Pt. A ¶ 3; *United States v. Mariano,* 983 F.2d 1150, 1156–57 (1st Cir.1993) ("Since the sentencing range itself is an expression of Congress's will, a district court retains broad discretion to exhume factors unrelated to substantial assistance before burying the [appropriate guideline range]."). Finally, with respect to defendant's assertion that the District Court impermissibly considered his ethnicity in sentencing, "we will not infer ... that the district court limited its departure for impermissible reasons, unless there are circumstances more suggestive than silence." *Lawal,* 17 F.3d at 563. Having reviewed the record, we find no such circumstances here.

Second, defendant claims he was not informed that the district court had a policy of requiring all cooperating defendants charged with drug trafficking to be imprisoned for some period of time and, therefore, his plea was not knowing and voluntary. Our independent review of the record finds no such evidence or, in fact, evidence that the district court did not

sentence defendant based on an individualized determination of the appropriate punishment.

■ Finally, we find no merit to defendant's contention that the government's policy of requiring cooperating defendants to plead to conduct described in proffer sessions, but otherwise unknown to the government, violates the protections of U.S.S.G. § 1B1.8. Section 1B1.8 itself contemplates that the government may choose only to enter into a cooperation agreement if the defendant pleads to conduct discovered in proffer sessions. *Accord United States v. Buckendahl,* 251 F.3d 753, 760 (8th Cir.2001) (as prosecutorial discretion to enter into § 1B1.8 agreements is broad, the scope of the agreements, absent evidence of reliance on impermissible factors, is unreviewable).

We note that the written judgment of conviction entered against defendant contains an error. The judgment states that he was convicted of "[c]onspiracy to distribute and possess with intent to distribute a controlled substance (MDMA)" but cites only sections that prohibit substantive narcotics offenses. At oral argument of this appeal, the parties agreed that defendant pleaded guilty to a one-count information that charged him with conspiracy in violation of 21 U.S.C. § 846. We instruct that on remand, the District Court enter an amended judgment accurately reflecting 21 U.S.C. § 846 as the statutory section under which defendant was convicted.

For the reasons set forth above, the conviction and sentence of the district court are AFFIRMED; the matter is REMANDED for the entry of a corrected judgment.