**UNITED STATES of America,**
**Appellee,**

v.

**Benjamin BREEN, also known as Benjamin Wolfe, also known as Joe, Defendant–Appellant.**

**No. 02–1007.**

United States Court of Appeals, Second Circuit.

Jan. 23, 2003.

Maranda E. Fritz, NY, NY., for Appellant.

Harry Sandick, Assistant United States Attorney for the Southern District of New York (James B. Comey, United States Attorney, and Meir Feder, Assistant United States Attorney, on the brief), New York, NY., for Appellee.

PRESENT: VAN GRAAFEILAND, KEARSE, and B.D. PARKER, Jr., Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on

the 23rd day of January, two thousand and three.

Appeal from the United States District Court for the Southern District of New York (Allen G. Schwartz, *Judge* ).

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Defendant–Appellant Benjamin Breen appeals from a judgment of conviction entered on December 13, 2001 by the United States District Court for the Southern District of New York following his plea of guilty on August 11, 1997, before Robert P. Patterson, *Judge,* to a two-count information charging him with (1) receiving and selling stolen property having an approximate value of $1,000,000, in violation of 18 U.S.C. §§ 2315 and 2, and (2) possessing a firearm with an obliterated manufacturer's serial number, in violation of 18 U.S.C. §§ 922(k) and 2. Defendant was sentenced on December 12, 2001 by Judge Allen G. Schwartz to 60 months' imprisonment and three years' supervised release and was ordered to pay a special assessment of $200. This sentence constituted a downward departure of 24 months from the applicable guidelines range on the Government's motion pursuant to U.S.S.G. § 5K1.1.

On appeal, defendant claims that (1) the extent of the District Court's downward departure did not properly reflect the extent of his assistance to the Government but rather was based on unsubstantiated and inaccurate assertions; and (2) he received ineffective assistance of counsel in his plea negotiations with the Government. With respect to the first claim, defendant contends that, in declining to fashion a greater departure, Judge Schwartz improperly relied on his own opinion as to defendant's candor in testimony that he provided as a cooperating witness in a trial over which Judge Schwartz presided.

This claim has no merit. It is well established that this Court lacks jurisdiction to review the extent of a downward departure. *See* 18 U.S.C. §§ 3742(a)(1)-(3); *United States v. Hargrett,* 156 F.3d 447, 450 (2d Cir.1998); *United States v. Lawal,* 17 F.3d 560, 562, 563–64 (2d Cir. 1994). In any event, Judge Schwartz was authorized to consider—and the record reflects that he did consider—"the truthfulness, completeness, and reliability of any information or testimony provided" by defendant in deciding whether, or to what extent, to grant a departure pursuant to § 5K1.1.

The only support for defendant's ineffective assistance claim is an affidavit submitted by his former attorney who represented him during the proceedings below. This affidavit was not before the District Court and is thus not properly before us. Where a defendant raises a claim of ineffective assistance of counsel that is unsupported by the record on appeal or requires consideration of extrinsic materials, we have held that it is preferable to deny the claim without prejudice to its consideration in a properly filed habeas petition. *See* 28 U.S.C. § 2255; *Billy–Eko v. United States,* 8 F.3d 111, 114–16 (2d Cir.1993).

Accordingly, defendant's appeal as regards his sentence is DISMISSED for lack of appellate jurisdiction, and his claim of ineffective assistance of counsel is DISMISSED WITHOUT PREJUDICE.