**UNITED STATES of America,**
**Appellee,**

v.

**Anthony PERSICHETTI, aka "Tony**
**the Nose," Defendant–**
**Appellant.**

**No. 02–1230.**

United States Court of Appeals,
Second Circuit.

Jan. 23, 2003.

Alan Vinegrad, Jo Ann M. Navickas, William Gurin, U.S. Attorney's Office, Eastern District of NY, Brooklyn, NY, for Appellee.

Anthony Persichetti, Marianna, FL, for Defendant–Appellant, pro se.

PRESENT: F.I. PARKER, STRAUB, and SACK, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 23rd day of January, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal is dismissed for lack of jurisdiction.

Defendant-appellant Anthony Persichetti appeals from an order entered February 19, 2002 in the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*) denying his motion to construe as a Rule 35 motion a government letter which outlines assistance provided by Persichetti in prosecuting Elvis Irizarry, a reputed member of a New Jersey crime syndicate. The district court found Appellant's motion untimely and without merit. Appellant's notice of appeal, dated March 20, 2002, was filed on April 1, 2002.

Appellant has essentially moved for a sentence reduction pursuant to Fed. R.Crim.P. 35(b) on behalf of the government. Appellant's principal argument is that the government falsely represented that it would move for a Rule 35(b) sentence reduction in exchange for his assistance during the *Irizarry* trial. We note that there is no evidence, other than Appellant's unsupported allegations, that the government made any such representations and, on the contrary, the evidence tends to establish that the government made clear it was *not* promising a quid pro quo for Appellant's assistance. Nonetheless, in dismissing the motion on timeliness grounds, the district court's order, on its face, appears to presume that a Rule 35(b) motion had been otherwise properly filed by Appellant.

Assuming, without deciding, that Appellant properly filed a Rule 35(b) motion which the district court denied, our appellate jurisdiction under 18 U.S.C. § 3742 permits review only to the extent that we ordinarily could review a district court's sentencing decision. *See United States v. Doe*, 93 F.3d 67, 68 (2d Cir.1996) (per curiam). Regarding sentence modifications or denials thereof, we review only for purposes of determining whether the district court's decision is illegal or results from a misapplication of the sentencing guidelines. *See United States v. Lawal*, 17 F.3d 560, 562 (2d Cir.1994). Because Appellant alleges neither on appeal, his appeal does not fall within the limited jurisdiction conferred by Section 3742. Accordingly, we dismiss the appeal for want of jurisdiction.