**UNITED STATES of America,
Appellee,**

v.

**Fatima GONZALES, Rafalina Rivera, Christian Velez, Leonal Deleon–Parades, Elizabeth Polanco, Victor Grullon, Osiris Sosa, Rafael Rincon, aka "Toco Toco," Yonny Mercedes, aka "La Central," Julian Gonzalez, Defendants,**

Feliz Polanco–Rodriguez, Roberto Castillo, Defendants–Appellants.

Nos. 00–1600(L), 02–1205(CON).

United States Court of Appeals, Second Circuit.

July 24, 2003.

Mark F. Mendelsohn, Assistant United States Attorney, for James B. Comey, United States Attorney for the Southern District of New York (Michael S. Kim, Laura Grossfield Birger, Assistant United States Attorneys, on the brief), for Appellee.

Robert A. Culp, New York, NY, for Defendant–Appellant.

Present: CALABRESI, RAGGI, and WESLEY, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal be and it hereby is **DISMISSED.**

Roberto Castillo pleaded guilty to one count of conspiracy to distribute cocaine and crack, in violation of 21 U.S.C. § 846, and two counts of use of a firearm in relation to a narcotics offense, in violation of 18 U.S.C. § 924(c). Although the Sentencing Guidelines called for a sentence of at least 518 months' imprisonment, the district court granted the government's motion, made pursuant to U.S.S.G. § 5K1.1, for a downward departure based on Castillo's substantial assistance to the government, and it sentenced the defendant principally to 108 months' imprisonment. Castillo now appeals the sentence, arguing 1) that the district court abdicated its responsibility to exercise informed discretion when it sentenced the defendant without having the benefit of a specific sentencing recommendation from the prosecutor, and 2) that the U.S. Attorney's Office's policy against making specific sentencing recommendations impermissibly interferes with the judiciary's obligation to make informed sentencing decisions. We affirm.

A defendant may appeal the extent of a district court's downward departure from the Sentencing Guidelines if, but only if, the decision was made in violation of law

or resulted from misapplication of Guidelines. *See United States v. Lawal,* 17 F.3d 560, 562–63 (2d Cir.1994). We have held that when a district court expressly refuses to consider granting a downward departure in the absence of a specific sentencing recommendation by the prosecutor, the court fails to exercise the discretion given to it by the Guidelines, and the resulting sentence is therefore one imposed in violation of the law. *See United States v. Campo,* 140 F.3d 415, 419 (2d Cir.1998) (per curiam).

Such is not the case here. Although the district court at sentencing expressed some consternation at the government's policy against recommending a specific sentence, it nevertheless proceeded to consider all the information available to it to determine the appropriate sentence, balancing the severity of the defendant's crimes against the cooperation he provided. The district court clearly exercised its discretion under the Guidelines, both in deciding to grant the government's § 5K1.1 motion for a downward departure and in determining the extent of that departure. The resulting sentence is therefore not appealable as a sentence imposed "in violation of the law." Accordingly, the appeal is DISMISSED.[1]

---

1. As defendant acknowledges, his argument that the failure of the United States Attorney to make a sentencing recommendation itself is unlawful is squarely foreclosed by *Campo.* *See* 140 F.3d at 419 (declining to order the U.S. Attorney's office to make a specific recommendation because "[t]o do so would violate time-honored and fundamental principles of separation of powers").