**UNITED STATES of America,**
**Appellee,**

v.

**Fritz BLUMENBERG, Defendant–**
**Appellant,**

**John C. LEE, Christian T.**
**Viertel, Defendants.**

No. 03–1343.

United States Court of Appeals,
Second Circuit.

May 13, 2004.

Edna Ball Axelrod, South Orange, NJ, for Appellant.

Joshua A. Goldberg, Assistant United States Attorney (Adam B. Siegel, Assistant United States Attorney, and David N. Kelley, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee, of counsel.

PRESENT: MESKILL, LEVAL and CABRANES, Circuit Judges.

SUMMARY ORDER

In this sentencing-only appeal, defendant Fritz Blumenberg, who pleaded guilty to charges of mail and wire fraud, conspiracy thereto, and subscribing to and filing false tax returns, contends that he is entitled to a downward departure for diminished mental capacity, pursuant to United States Sentencing Guidelines § 5K2.13 (1995),* larger than the two-level departure granted by District Court.

Having reviewed the record and considered the arguments of the parties, we conclude that, in the circumstances presented here, there was no error in the decision of the District Court. District courts have wide discretion in determining whether and to what extent to downwardly depart, *see, e.g., United States v. Lawal,* 17 F.3d 560, 562 (2d Cir.1994), and the extent to which the Court departed in this case was clearly within that discretion. Accordingly, the judgment of the District Court is hereby AFFIRMED.

_____

* In 1995, § 5K2.13 provided:

If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public.