**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 19-3776

———————

QUINTEZ TALLEY,
                    Appellant

v.

ROBERT D. GILMORE; ZAKEN, Deputy Superintendent of Internal Security; W.
LEGGETT, Major of the Pennsylvania Department of Corrections; MCCOMBIE; M.
DIALESANDRO; CARO, Major of the Pennsylvania Department of Corrections;
SHELLY MANKEY, Unite Manager; JOHN E. WETZEL, Secretary of the Pennsylvania
Department of Corrections; J. BURT; ANKRAM; CONNEY, Nurse; DEPARTMENT
OF CORRECTIONS

———————————————————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:16-cv-01318)
Magistrate Judge:  Honorable Cynthia Reed Eddy (by consent)

———————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 3, 2023
Before:  KRAUSE, SCIRICA, and AMBRO, <u>Circuit Judges</u>

(Opinion filed: April 10, 2023)

———————

OPINION[*]

———————

PER CURIAM

———————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Quintez Talley, a Pennsylvania prisoner who is proceeding pro se, appeals from orders of the United States District Court for the Western District of Pennsylvania denying his motion to amend his complaint, ruling on various motions for summary judgment, addressing pre-trial evidentiary issues, and entering judgment in favor of the defendants following a jury trial. For the following reasons, we will affirm.

I.

Talley filed a complaint, which he later amended, raising claims that stemmed from a change in his mental health classification that occurred in May 2015.[1] As a basis for his claims, Talley cited 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), and the Rehabilitation Act. (ECF 17.) He named as defendants the Department of Corrections (DOC), ten DOC employees, and Certified Registered Nurse Practitioner (CRNP) Amy Ankrom, who was employed by a private company that was contracted to provide health services to the DOC.

CRNP Ankrom filed a motion to dismiss, arguing that Talley failed to exhaust administrative remedies because he did not specifically name her in his grievance. (ECF 20 & 21.) The District Court[2] denied that motion, holding that the grievance's identification of the psychiatric review team (PRT), of which CRNP Ankrom was a

---

[1] Talley's stability code was changed from a "D" classification, which is used when an inmate is suffering from a serious mental illness, to a "C" classification, which is used when an inmate is not suffering from a serious mental illness but nevertheless has a history of, and is currently receiving, mental health treatment. (ECF 53, at 1-2; ECF No. 65-1 at 3.)

[2] The parties agreed to proceed before a Magistrate Judge. (ECF 13, 14, & 15.)

member, rendered dismissal on exhaustion grounds inappropriate at that time. (ECF 28, at 4.) Talley next moved to file an "amended/supplemental" complaint, seeking to add new claims and defendants. (ECF 42.) The District Court denied that motion. (ECF 48.)

Thereafter, the parties filed cross-motions for summary judgment. (ECF 51 & 52; 63 & 66; 75 & 76.) The District Court granted those motions in part and denied them in part. (ECF 114 & 115.) In particular, the District Court denied both Talley's and the defendants' motions for summary judgment on the retaliation claim and allowed it to proceed against Psychological Services Specialist Burt, Psychiatric Nurse Wettgen, and CRNP Ankrom, all of whom were members of the PRT. But the District Court otherwise granted the defendants' motions, holding that Talley failed to satisfy the Prison Litigation Reform Act's (PLRA) exhaustion requirement because his prison grievances did not identify his remaining claims or name the remaining defendants. Following the District Court's resolution of numerous evidentiary issues (ECF 220), the case proceeded to trial on the retaliation claim; the jury found in favor of the defendants. (ECF 237.) Talley timely appealed pro se.[3] (ECF 244.)

## II.

Talley challenges the denial of his motion to file an "amended/supplemental" complaint. Appellant's Br., 3-4; Appellant's Suppl. Br., 5-6. We review that denial for abuse of discretion. See Winer Fam. Tr. v. Queen, 503 F.3d 319, 325 (3d Cir. 2007). In his motion, Talley sought to add new parties, reintroduce two defendants who he had

---

[3] We have jurisdiction under 28 U.S.C. § 1291.

omitted from his first amended complaint, and assert claims based on events that had occurred after he had filed his original complaint. As the District Court accurately noted, the motion was filed over a year after Talley commenced the action, it sought to add issues unrelated to those set forth in the operative amended complaint, and granting it would have prejudiced the defendants. Under these circumstances, we conclude that the District Court did not abuse its discretion. See Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000) (explaining that a district court may deny leave to amend if the moving party has demonstrated undue delay, bad faith, or dilatory motives; amendment would be futile; or amendment would prejudice the other party).

### III.

Talley also complains about various evidentiary rulings made in response to the parties' motions in limine. Appellant's Suppl. Br., 12-21. For example, he argues that the District Court should not have excluded evidence pertaining to his mental health or admitted disciplinary records that related to his attempts to maintain a "D" stability code.[4] Id. at 13-15. We are unable to evaluate those evidentiary rulings without reviewing a transcript of the trial, and Talley has not provided one, as required by Federal Rule of Appellate Procedure 10(b). Even if we determined that Talley preserved those evidentiary issues for appellate review, see Bruno v. W.B. Saunders. Co., 882 F.2d 760, 767-68 (3d Cir. 1989) (stating that "[w]hile normally an objection to the admission of

---

[4] Talley also challenged the District Court's determination that he could not introduce evidence relating to compensatory damages. Appellant's Suppl. Br., 12-13. But any error by the District Court was "rendered irrelevant by the jury's verdict in the defendants' favor on liability." Csiszer v. Wren, 614 F.3d 866, 871 (8th Cir. 2010).

evidence must be raised at trial to be preserved, this court will sometimes permit evidentiary questions to be preserved by a motion *in limine*"), the transcript is required to assess the merits of the issues. Indeed, without the transcript, we cannot determine whether the evidentiary rulings were harmless. See Becker v. ARCO Chem. Co., 207 F.3d 176, 179 (3d Cir. 2000) (stating that erroneous evidentiary rulings will be considered harmless if "it is highly probable that the District Court's [evidentiary decision] did not affect [the party's] substantial rights"); see also Bogan v. City of Bos., 489 F.3d 417, 425 (1st Cir. 2007) ("Because the review of evidentiary rulings are typically fact-intensive and an erroneous evidentiary ruling does not require a new trial if harmless, … the relevant transcripts are essential to meaningful appellate review.").

## IV.

Also, Talley challenges the District Court's summary judgment decisions. Appellant's Br., 1-3, Appellant's Suppl. Br., 6-11. We cannot review Talley's argument that the District Court erred in denying his motion for summary judgment on his First Amendment retaliation claims. This is because the denial of a motion for summary judgment is non-appealable when, as is the case here, a final judgment is entered after trial.[5] See Ortiz v. Jordan, 562 U.S. 180, 184 (2011) (an order denying summary judgment is not appealable after the case has proceeded to a full trial on the merits, as

---

[5] There is an exception to this rule when "dispositive legal question[s]" are presented in the summary judgment motion. Tuohey v. Chicago Park Dist., 148 F.3d 735, 739 n.5 (7th Cir. 1998). That is not the case here, however. The District Court denied Talley's motion for summary judgment on the retaliation claims because there existed genuine issues of material fact. (ECF 114 at 9-15.)

5

"the full record developed in court supersedes the record existing at the time of the summary-judgment motion"). We can, however, examine Talley's challenges to the District Court's decision to grant summary judgment in favor of the defendants on the basis that he failed to exhaust his administrative remedies under the PLRA.

Talley argues that he did not need to exhaust his claims against CRNP Ankrom because she did not work for the DOC. Appellant's Br., 1-2. But he cites no persuasive authority for the proposition that the PLRA's exhaustion requirements do not apply to claims against private employees providing services in Pennsylvania prisons. Of course, "it is the prison's requirements … that define the boundaries of proper exhaustion[,]" Jones v. Bock, 549 U.S. 199, 218 (2007) (quotation marks and citation omitted), and, in Pennsylvania's prisons, the grievance system policy is applicable to "all facilities operated under the jurisdiction of, or conducting business with the Department of Corrections, Department employees, volunteers, *contract personnel*, visitors and inmates." DC-ADM 804, § II (emphasis added).

There is also no merit to Talley's argument that the law of the case doctrine precluded the District Court from granting CRPN Ankrom's motion for summary judgment for lack of exhaustion after it previously denied her motion to dismiss, which also raised an exhaustion defense.[6] See Maraschiello v. City of Buffalo Police Dep't, 709

---

[6] In her motion to dismiss, CRPN Ankrom argued that Talley failed to exhaust his administrative remedies because he did not specifically name her in his grievances. (ECF 21, at 4-6.) The District Court rejected this argument, noting that the grievance identified the PRT, of which CRPN Ankrom was a member. (ECF 28, at 4.) Later, in granting CRPN Ankrom's motion for summary judgment in part, the District Court held that Talley failed to exhaust because he did not raise his non-retaliation claims in his

F.3d 87, 97 (2d Cir. 2013) (stating that the law of the case "doctrine would not preclude a district court from granting summary judgment based on evidence after denying a motion to dismiss based only on the plaintiff's allegations"). Finally, we agree with the District Court that exhaustion was not satisfied by a statement, made by the Chief Grievance Officer in the final appeal decision, that "[n]o evidence of neglect or deliberate indifference has been found."

For the foregoing reasons, we will affirm the judgment of the District Court.

---

grievances. (ECF 114, at 4-9.) Given these differing justifications for denying Ankrom's motion to dismiss and granting in part her motion for summary judgment, we reject Talley's contention that the District Court acted inconsistently. Appellant's Br., 2.