UNITED STATES of America,
Appellee,

v.

Corendis BONNER, Defendant–
Appellant.

Docket No. 02–1259.

United States Court of Appeals,
Second Circuit.

Argued: Nov. 18, 2002.

Decided: Dec. 16, 2002.

Jonathon Biran, Assistant United States
Attorney, District of Connecticut, Connect-
icut for Appellee. (John A. Danaher III,
United States Attorney, and Jeffrey A.

Meyer, Assistant United States Attorney, on brief).

Margaret P. Levy, Hartford, Connecticut, for Appellant.

Before: F.I. PARKER, STRAUB, B.D. PARKER, Circuit Judges.

PER CURIAM:

Defendant–Appellant Corendis Bonner appeals from a sentence entered in the United States District Court for the District of Connecticut (Dominic J. Squatrito, *Judge* ), following a guilty plea to conspiracy to commit bank fraud in violation of 18 U.S.C. § 371. Bonner was sentenced principally to fifteen months' imprisonment. On appeal, Bonner argues that this court should remand for re-sentencing because (1) the district court mistakenly believed that it lacked discretion to sentence appellant to probation, and (2) the district court misapplied the Sentencing Guidelines when it considered appellant's co-defendants' sentences in determining the extent of the downward departure that it would grant. Because appellant has failed to show that the district court was mistaken as to its discretion, and because a district court may consider co-defendants' sentences in determining the extent of a downward departure, we dismiss the appeal for lack of jurisdiction.

## I.

Corendis Bonner pled guilty to conspiracy to commit bank fraud. The conspiracy involved nine defendants. Bonner's role was to print counterfeit checks which co-conspirators would cash; in return, she received half of the funds obtained from the checks. Under the Sentencing Guidelines, appellant faced between 24 and 30 months' imprisonment, based in part on the alleged leadership role she played in the offense and in part on her criminal history. Prior to her guilty plea, appellant had four other convictions, and the acts which are the basis for this conviction occurred while she was on probation.

Two sentencing hearings were held. At the first hearing, which was in October of 2001, the district court engaged in an extensive discussion of the various factors it could consider in determining appellant's sentence. Rather than immediately sentencing appellant, however, the court decided to delay sentencing to take time to determine an appropriate sentence.

At the second hearing, held in April of 2002, the district court sentenced appellant to fifteen months' imprisonment and ordered her to pay restitution in the amount of $38,028.54. This sentence reflected the court's decision to depart downward from the Sentencing Guidelines because of appellant's family circumstances and her significant post-offense rehabilitation. In particular, appellant was the primary care giver for her seven-year-old autistic son, and had taken a leadership role in a local non-profit organization devoted to advocating for children with special needs.

At the same time, the district court opted not to depart downward to the point that appellant would receive no incarcerative term whatsoever. This decision was based, *inter alia,* on appellant's extensive criminal history and on the sentences received by appellant's co-defendants.

## II.

### A. *Standard of Review*

Appellant's right to appeal her sentence is governed by 18 U.S.C. § 3742(a), which generally acts to bar this court from reviewing a district court's discretionary decision as to whether or not to grant a downward departure from the Sentencing Guidelines. *See United States v. Sharpsteen,* 913 F.2d 59, 62 (2d Cir.1990).

However, 18 U.S.C. § 3742(a) permits appellate review of a sentence if it was imposed in violation of the law, or if it was imposed as a result of an incorrect application of the Sentencing Guidelines. 18 U.S.C. § 3742(a)(1)-(2). Accordingly, this court may review a district court's refusal to grant a downward departure—or the extent of such departure, if granted—so long as the court's decision was based on a mistaken conception of the court's authority under the Guidelines or was otherwise illegal. *See United States v. Lawal*, 17 F.3d 560, 562–63 (2d Cir.1994). In performing such an analysis, we review "the district court's factual determinations for sentencing purposes for clear error and its application of the Sentencing Guidelines *de novo*." *United States v. Aleskerova*, 300 F.3d 286, 298 (2d Cir.2002).

## B. Discussion

■ Appellant has failed to show that her sentence was illegal. First, we find that, contrary to appellant's assertions, there is no basis in the record to conclude that the district court was not fully aware of the extent of its discretion to depart downward from the Sentencing Guidelines. Indeed, there is some suggestion in the record to the opposite—that the district court recognized that it could sentence appellant to probation and no incarcerative term but that, for various reasons, the district court nonetheless refused to do so.

■ Second, we hold that a district court may consider co-defendants' sentences when considering the extent of a downward departure. We previously held that a factor which could not have been used as a basis for departure from the Sentencing Guidelines could nevertheless be considered when determining the extent of a departure on other grounds. *See United States v. Lucas*, 17 F.3d 596, 600 (2d Cir.1994). Specifically, this court held in *Lucas* that although it would not be

proper to consider what the sentence for a defendant's criminal conduct would be under state law in order to determine whether or not to grant a downward departure from the Sentencing Guidelines, the state sentence could be considered where it merely influenced the extent of the downward departure granted. *See id.* We explained that:

> While it is error to make the decision to depart from the Guidelines' recommended sentencing range on the basis of a hypothetical state sentence, it is within the district court's broad discretion to refer to state sentences for analogous crimes in determining the extent of a departure based on other grounds. State sentences are one of the many guides that are relevant to determining the reasonableness of the extent of a departure. *Id.*

The same reasoning is applicable here.

## III.

We dismiss the appeal for lack of jurisdiction.