16-503-cr
*United States v. Diaz*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of January, two thousand seventeen.

PRESENT:   JOSÉ A. CABRANES,
           ROSEMARY S. POOLER,
           GERARD E. LYNCH,
                     *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                     *Appellee,*                          16-503-cr

           v.

MIGUEL DIAZ, AKA SMOOTH,

                     *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | Michael J. Gustafson, Marc H. Silverman, Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT. |
| **FOR DEFENDANT-APPELLANT:** | Robin Christine Smith, Law Offices of Robin C. Smith, Esq., P.C., San Rafael, CA. |

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-appellant Miguel Diaz ("Diaz") appeals from a February 19, 2016 judgment of conviction. Diaz pleaded guilty to possessing heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). The District Court imposed a 90-month term of imprisonment. Diaz argues on appeal, in various iterations, that his sentence is procedurally unreasonable because the District Court declined to grant a downward departure or variance based on his claims of childhood abuse. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"[T]his court may review a district court's refusal to grant a downward departure—or the extent of such departure if granted—so long as the court's decision was based on a mistaken conception of the court's authority under the Guidelines or was otherwise illegal." *United States v. Bonner*, 313 F.3d 110, 112 (2d Cir. 2002). Moreover, "[i]n the absence of clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority, we presume that a sentenc[ing] judge understood the scope of his authority." *United States v. Stinson*, 465 F.3d 113, 114 (2d Cir. 2006) (internal quotation marks omitted). Here, there is nothing in the record to suggest that the District Court misunderstood its authority to depart from the Guidelines, or that its decision was otherwise illegal. Accordingly, Diaz's challenges to the District Court's refusal to grant a downward departure are not reviewable on appeal.

Nor was Diaz's sentence procedurally unreasonable because the District Court held a clearly erroneous view of the facts. *See United States v. Jesurum*, 819 F.3d 667, 670 (2d Cir. 2016). The District Court properly weighed the available evidence concerning Diaz's claim that he had been abused as a child and found the evidence unreliable and the alleged abuse, if it occurred, not causally related to the crimes of conviction. Those findings were not clearly erroneous.

## CONCLUSION

We have reviewed all of the arguments raised by Diaz on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the February 19, 2016 judgment of the District Court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk