UNITED STATES of America,
Appellee,

v.

Anthony CARMICHAEL, Defendant–
Appellant.

Docket No. 99–1119

United States Court of Appeals,
Second Circuit.

Argued: Dec. 6, 1999

Decided: June 15, 2000

CHERYL J. STURM, Westtown, Pennsylvania, for Defendant–Appellant.

H. GORDON HALL, Assistant United States Attorney, District of Connecticut (Stephen C. Robinson, United States Attorney, of counsel), New Haven, Connecticut, for Appellee.

Before: WINTER, Chief Judge, OAKES, and KATZMANN, Circuit Judges.

WINTER, Chief Judge:

Anthony Carmichael appeals from a judgment entered by Judge Burns resentencing appellant under 28 U.S.C. § 2255. The district court found that appellant's counsel had provided him constitutionally ineffective assistance by failing adequately to advise him on whether to accept the government's initial plea offer. Appellant argues that the district court abused its discretion in granting him a two-level downward departure as a remedy for this constitutional violation. Appellant also argues that the district court violated Fed. R.Crim.P. 11(c)(1) by misinforming him about applicable statutory minimum penalties. We hold that the resentencing must be specifically tailored to the constitutional error and restore appellant to the circumstances that would have existed had no constitutional error occurred. We also reduce the period of his supervised release.

## BACKGROUND

In July 1993, appellant was indicted for possessing with intent to distribute, distributing, and conspiring to distribute narcotics, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and for possessing with intent to distribute and distributing narcotics within one thousand feet of a school, in violation of 21 U.S.C. § 860. On September 24, 1993, appellant's court-appointed counsel sent him a letter stating: "The Government has agreed that if you plead guilty you would get either 87 to 108 months or 97 to 121 months depending on whether or not you testify at the trial against the other co-defendants."[1] In the letter, counsel described the government's offer and its sentencing implications but expressly declined to advise appellant whether he should accept the offer. The letter stated, "[L]et me remind you that I am not writing to you to urge you to take this plea bargain, I am merely telling you what the present offer by the Government is so that you can make an informed choice." Appellant failed to act on the letter, and counsel failed to pursue the offer.

In October 1993, at appellant's request, counsel withdrew, and new counsel was appointed. In December 1993, on the ad-

---

1. In the district court, the government asserted that its offer was not firm. *See Carmichael v. United States*, 1998 WL 894592, at *2 (D.Conn. Dec.16, 1998). Because counsel is deceased, the district court was unable to make further inquiry into the circumstances of the offer. In any event, the government does not discuss the contents, substance, or firmness of the offer in its appellate brief, and we deem any such argument waived.

vice of his new counsel, appellant entered a guilty plea pursuant to a plea offer from the government less favorable than the one described in the first counsel's letter. Appellant was sentenced to 151 months' imprisonment, which was at the bottom of the court-determined sentencing guidelines range. *See Carmichael v. United States,* 1998 WL 894592, at *3 (D.Conn. Dec.16, 1998); *see also* U.S. Sentencing Guidelines Manual Ch. 5, Pt. A (hereinafter "U.S.S.G." or "Guidelines") (showing Guidelines range of 151 to 188 months for offense level of 34 and Criminal History Category I).

On direct appeal, appellant argued that he should have received a downward departure for his initial counsel's ineffective assistance. We dismissed and noted that appellant's claims could be raised in a collateral proceeding under 28 U.S.C. § 2255. *See United States v. Carmichael,* 50 F.3d 2 (2d Cir.1995) (unpublished table decision).

Appellant then filed the present petition. Applying *Boria v. Keane,* 99 F.3d 492, 498 (2d Cir.1996) (finding ineffective assistance of counsel in challenge to sentence under Section 2254 where counsel "never gave his client any advice or suggestion as to how to deal with the People's offered plea bargain"), the district court held that appellant's initial counsel had been ineffective in failing to advise client as to the wisdom of accepting or rejecting the government's plea offer. *See Carmichael,* 1998 WL 894592, at *5. The government does not challenge the finding of ineffective assistance on appeal, and we therefore assume it to be correct. *But cf. Purdy v. United States,* 208 F.3d 41, 48 (2d Cir. 2000) ("[W]e think it unwise to read *Boria* to have established a per se rule that defense counsel must always expressly advise the defendant whether to take a plea offer.").

At resentencing, appellant argued essentially that he should be sentenced as if he had accepted the government's plea offer in September 1993 and cooperated in testifying against his codefendants. The court

determined that although it was "not altogether clear precisely what the" government had offered, there had been a "discussion along th[e] lines" outlined in first counsel's letter. The court further found that "an early opportunity [for appellant] perhaps to cooperate with the government ... might very well have resulted in his having a sentence which was considerably less than he received." Indeed, as the court noted, efforts by appellant's subsequent counsel to negotiate a better deal through a cooperation agreement were frustrated at least in part because the government at that time possessed substantially more evidence than it had in September when the government had made its initial plea offer.

Having made these findings, the district court proceeded to grant appellant a two-level downward departure as follows:

> So the question now is what additional consideration [appellant] should receive as a result of the Court's finding that his initial representation was ineffective. And I have come to the conclusion to reduce his offense level an additional 2 levels to a 32, which allows me to sentence the defendant at a lower level....

The court thus sentenced appellant to 121 months, at the bottom of the 32–level Guidelines range, *see* U.S.S.G. Ch. 5, Pt. A. The new sentence amounted to a thirty month reduction in appellant's prison term, although the court also increased by one year appellant's period of supervised release after the government successfully argued that five years was a statutory minimum. Carmichael timely appealed.

## DISCUSSION

■ Appellant argues principally that the district court's remedy was insufficient because he was entitled to receive a sentence no greater than the 87 to 108 month sentencing range to which he would have been entitled had he accepted the government's initial plea offer and testified against his codefendants. The govern-

ment argues merely that "[t]he extent of a downward departure afforded at sentencing is generally not appealable."

■ Although the proposition cited by the government is well-settled, *see United States v. Lawal*, 17 F.3d 560, 562 (2d Cir. 1994), it is inapposite. As we recently held, "[i]neffective assistance of counsel is not a basis for a downward departure at sentencing." *United States v. Bicaksiz*, 194 F.3d 390, 398 (2d Cir.1999). Ineffective assistance is a constitutional violation of a defendant's rights and not a mitigating factor to be considered at sentencing or resentencing. Rather, a finding of ineffective assistance requires a remedy specifically tailored to the constitutional error. *See United States v. Gordon*, 156 F.3d 376, 381 (2d Cir.1998) ("[W]here there has been a finding of ineffective assistance of counsel in a § 2255 proceeding, the remedy 'should be tailored to the injury suffered from the constitutional violation ....'" (quoting *United States v. Morrison*, 449 U.S. 361, 364, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981))). That remedy is one that as much as possible restores the defendant to the circumstances that would have existed had there been no constitutional error. *Cf. Morrison*, 449 U.S. at 365, 101 S.Ct. 665 ("Our approach has ... been to identify and then neutralize the [constitutional defect] by tailoring relief appropriate in the circumstances to assure the defendant the effective assistance of counsel...."). In this case, the remedy would be the resentencing, if any, to the terms appellant would have received had he been given proper legal advice.

We recognize that the district court may well have intended the downward departure in the instant case to have that effect, but, if so, it failed to give a sufficiently particularized explanation as to why the resentence was an appropriate remedy for counsel's omissions. For example, had appellant accepted the government's initial plea offer, the government would have recommended sentencing him to a range corresponding to an offense level of 29 or 30, depending on his level of cooperation in testifying against his codefendants. *See* Counsel's Letter at 2 (describing government's plea offer as having sentencing level of 29 or 30 depending on level of cooperation). The district court's remedy, however, left the defendant with an unexplained offense level of 32, with a sentencing range above the maximum sentence for an offense level of 29. *See* U.S.S.G. Ch. 5, Pt. A.

■ Having used the above example, we hasten to add that we do not mean to suggest, as appellant urges, that a defendant is necessarily entitled to specific performance of a previously spurned plea offer because his counsel had been constitutionally ineffective in failing to advise him whether to accept the offer. As we have already held, specific performance is not always the remedy best-suited to this constitutional violation. *See Gordon*, 156 F.3d at 381 (rejecting argument that specific performance of plea offer was sole remedy for counsel's ineffective assistance during plea negotiations); *see also United States v. Day*, 969 F.2d 39, 47 (3d Cir. 1992) (opining that although "the relief of 'specific performance' of a plea bargain" is sometimes appropriate, "a second opportunity to accept a plea agreement ought not to be automatic"). After an appropriate hearing, the court might find that appellant would have spurned the offer, or that, if the offer was accepted, the court would have imposed a sentence that differed from the government's recommendation. The court might also find that counsel would have reasonably advised appellant to reject the offer, although that seems unlikely in the present circumstances. We therefore remand for resentencing.

■ Appellant also argues that the district court violated Fed.R.Crim.P. 11(c)(1) by understating the applicable statutory minimum terms of imprisonment and supervised release during appellant's plea allocution. We need not consider this

argument because appellant does not wish to withdraw his plea. *See United States v. Padilla,* 23 F.3d 1220, 1224–25 (7th Cir. 1994) (affirming conviction and sentence when plea allocution did not inform defendant of applicable statutory minimum sentence but defendant did not wish to withdraw plea). However, we find plain error in that the court relied on an erroneous assumption in increasing appellant's period of supervised release from four to five years at resentencing. *See* Fed. R. Crim P. 52(b) ("Plain errors ... affecting substantial rights may be noticed although they were not brought to the attention of the court."). The district court concluded, at the government's urging, that under the plea agreement appellant faced a statutory minimum sentence of 10 years' imprisonment and 5 years' supervised release, *see* 21 U.S.C. § 841(b)(1)(A). However, this was an incorrect reading of the plea agreement.

■ Appellant pleaded guilty only to one count of conspiracy to possess with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, which is subject to a statutory minimum sentence of 5 years' imprisonment and 4 years' supervised release, as accurately stated by the plea agreement and during plea allocution. *See* 21 U.S.C. § 841(b)(1)(B). In arguing that the more stringent statutory minimums of Section 841(b)(1)(A) apply, the government relied on the plea agreement's separate stipulation that appellant trafficked in at least 5 but less than 50 kilograms of cocaine. However, this stipulation was expressly limited by its own terms as solely "for the purposes of the U.S. Sentencing Guidelines and the calculation of the defendant's base offense level thereunder," not to statutory minimums. Even if the plea agreement is ambiguous, we "construe plea agreements strictly against the Government." *United States v. Ready,* 82 F.3d 551, 559 (2d Cir.1996); *accord United States v. Tang,* 214 F.3d 365, 368 (2d Cir.

2000). That being the case, the proper reading of the agreement for the purposes of determining the statutory minimum sentence—in contrast to the Guidelines offense level—is that appellant pleaded guilty merely to conspiring to distribute "more than 500 grams of cocaine." *Cf. United States v. Herndon,* 7 F.3d 55, 57–58 (5th Cir.1993) (vacating sentence on Rule 11 challenge when judge failed adequately to advise defendant on applicable statutory minimum sentence, and "urg[ing] the prosecutor ... to use the written plea agreement ... for the purpose of clarifying rather than obfuscating the consequences of the charge to which the defendant intends to plead guilty"). Thus, only the less onerous statutory minimums of Section 841(b)(1)(B) apply, and the period of four years of supervised release should be restored.

We vacate the sentence and remand for further proceedings in accordance with this opinion.