F I L E D
United States Court of Appeals
Tenth Circuit

FEB 20 2003

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MANUEL MALDONADO,

      Petitioner - Appellant,

v.

DAVID ARCHULETA, Associate
Warden, New Mexico State
Penitentiary; ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

      Respondents - Appellees.

No. 02-2086
(D.C. No. CIV-99-286-LH/KBM)
(D. New Mexico)

---

ORDER AND JUDGMENT  *

---

Before **KELLY** , **McKAY** , and **O'BRIEN** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-appellant Manuel Maldonado, a New Mexico state prisoner, sought habeas corpus relief in federal district court pursuant to 28 U.S.C. § 2254. He argued that his trial attorney had provided ineffective assistance of counsel by encouraging him to accept a plea bargain without investigating the legal status of one of the prior convictions used to enhance the proposed sentence. The district court granted the petition in part for the sole purpose of re-sentencing Mr. Maldonado and denied the petition to the extent it sought withdrawal of petitioner's guilty plea. Upon Mr. Maldonado's appeal, this court granted a certificate of appealability. We now reach the substance of Mr. Maldonado's appellate arguments and affirm the district court's resolution of the case.

In connection with the robbery of a nail salon, Mr. Maldonado was charged with three counts of armed robbery with a deadly weapon, attempt to commit armed robbery, three counts of conspiracy to commit armed robbery, aggravated battery, tampering with evidence, conspiracy to commit tampering with evidence, and possession of a firearm or destructive device by a felon. His attorney reviewed the indictments, listened to his taped confession, and ascertained from the district attorney's office the number of witnesses willing to testify against him She also calculated that, upon a conviction of all charged crimes, Mr. Maldonado faced a potential sentence of 125.5 years–with sixty-two of those years attributable

to the enhancement applicable to a habitual offender with three prior felony convictions.

After receiving his attorney's advice and calculation, Mr. Maldonado pled no contest to two counts of armed robbery and aggravated battery and acknowledged that he was the same person previously convicted of three felonies. Under the plea agreement, he was to be sentenced to thirty-two years' incarceration with eighteen years of the sentence suspended, resulting in an actual fourteen-year term of imprisonment. The sentence included an enhancement of eight years for being a habitual offender with three prior convictions.

At the sentencing hearing, however, Mr. Maldonado moved for withdrawal of his plea and dismissal of his attorney. He stated that he had misunderstood the plea bargain, that his attorney had failed to investigate his claim that one of the three prior felony convictions had been vacated, and that he had not received full discovery. The district court denied the motions and sentenced Mr. Maldonado in accordance with the plea agreement. Mr. Maldonado then pursued state post-conviction proceedings on the ground that his sentence was improperly enhanced based on a vacated conviction and that his trial counsel had afforded ineffective assistance by misrepresenting the potential consequences of proceeding to trial. The state courts denied relief without analysis.

Upon receiving Mr. Maldonado's pro se § 2254 habeas filing, the assigned magistrate judge reviewed the record and recognized that Mr. Maldonado was correct in contending that a 1973 conviction for residential burglary, one of the three prior felonies used to enhance his sentence, had been declared void. The magistrate judge appointed counsel for Mr. Maldonado and required supplementation of the record.

The State conceded that, because the 1973 conviction was void, Mr. Maldonado's sentence should have been based on two prior felonies, rather than three felonies, and enhanced by four years, rather than eight years. It filed a motion to dismiss the habeas petition following correction of the state court judgment. Mr. Maldonado argued that reduction of his sentence would not resolve his ineffective assistance of counsel claim. He asserted that, using the correct habitual offender enhancement, his attorney's calculation of his potential habitual offender enhancement was off by thirty-two years and that the miscalculation affected his decision to plead guilty in order to receive an actual sentence of fourteen years.

Without holding an evidentiary hearing, the magistrate judge reviewed the entire record and concluded that "[t]he only constitutional violation is the conceded problem with the sentence" and that the appropriate remedy for the violation was re-sentencing. R. vol. I, tab 26 at 8. The district court, adopting the

magistrate judge's proposed findings and recommended disposition, entered an order denying the habeas petition in part and conditionally granting it in part. The petition was granted for the purpose of re-sentencing Mr. Maldonado: reducing the period of enhancement from eight to four years. Subsequently, the state court entered the required amended judgment and sentence. The federal district court dismissed the habeas petition with prejudice.

On appeal, Mr. Maldonado asks that the case be remanded to the district court for an evidentiary hearing on his ineffective assistance claim. He contends that his guilty plea was unfairly induced by counsel's miscalculation of his potential sentence and that, as a consequence, he should be permitted to withdraw the plea and proceed to trial. His argument fails.

Because Mr. Maldonado's claim was not decided on the merits by the state court, and the "district court made its own determination in the first instance, we review the district court's conclusions of law *de novo* and its findings of fact, if any, for clear error." *LaFevers v. Gibson*, 182 F.3d 705, 711 (10th Cir. 1999). Effectiveness of trial counsel is determined by applying a two-part test: (1) counsel must have committed errors so serious as to fall outside the kind of functioning required by the Sixth Amendment; and (2) the defendant must show the deficient performance prejudiced the defense in such a fashion as to call into question the reliability of the proceedings. *Strickland v. Washington*, 466 U.S.

-5-

668, 687 (1984). In the context of a guilty plea, this requires a defendant to show that counsel's deficient performance "affected the outcome of the plea process" by demonstrating "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001) (quotation and emphasis omitted), *cert. denied*, 534 U.S. 1140 (2002). Further, a defendant's "mere allegation that he would have insisted on trial but for his trial counsel's errors, although necessary, is ultimately insufficient to entitle him to relief. Rather, we look to the factual circumstances surrounding the plea to determine whether [defendant] would have proceeded to trial." *Id*. (citation omitted).

Mr. Maldonado's ineffective assistance claim may be resolved on the present record, without the need for an evidentiary hearing. *See Mayes v. Gibson,* 210 F.3d 1284, 1287 (10th Cir. 2000) (stating that a habeas petitioner is entitled to a hearing only "if his allegations, if true and not contravened by the record, would entitle him to habeas relief"). A careful review of the parties' arguments, the record on appeal, and the relevant case law has failed to convince us that the error in the attorney's enhancement calculation materially affected Mr. Maldonado's decision to plead guilty. Given the strength of the State's case on the charges against Mr. Maldonado, including his confession and available key witness testimony, it is unlikely that a more accurate calculation would have led the

attorney to alter her plea recommendation. In light of counsel's success at negotiating a plea agreement that significantly limited his prison sentence exposure, there is no reasonable probability that Mr. Maldonado would have insisted on going to trial had his counsel investigated and calculated differently.

In ordering the re-sentencing of Mr. Maldonado as a habitual offender with two, rather than three, prior felony convictions, the district court granted all the relief to which petitioner is entitled. This remedy was "specifically tailored to the constitutional error," and it "restore[d] appellant to the circumstances that would have existed had no constitutional error occurred." *United States v. Carmichael*, 216 F.3d 224, 225 (2d Cir. 2000). The conceded error has been fully corrected.

AFFIRMED.

Entered for the Court


Terrence L. O'Brien
Circuit Judge