**UNITED STATES of America,**
**Appellee,**

v.

**Ignacio MOTA, Defendant–Appellant.**

**Docket No. 02–1655.**

United States Court of Appeals,
Second Circuit.

May 29, 2003.

Gary Schoer, Syosset, NY, for Appellant.

Mitra Hormozi, Assistant United States Attorney for the Eastern District of New York, New York, NY, for Appellee, (Roslynn R. Mauskopf, United States Attorney, on the brief, Jo Ann M. Navickas, Assistant United States Attorney, of counsel).

Present: STRAUB, B.D. PARKER, and RAGGI, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal is hereby DISMISSED for lack of appellate jurisdiction.

On December 11, 2001, Defendant–Appellant Ignacio Mota was arrested at John F. Kennedy Airport after he illegally attempted to enter the United States from

the Dominican Republic. Mota had been deported earlier in 2001 after having been convicted of an aggravated felony and he did not have permission to reenter the United States. He was subsequently indicted for violating 8 U.S.C. §§ 1326(a) and (b)(2) and, on April 19, 2002, he pleaded guilty to the indictment.

Prior to his sentencing, Mota moved for a downward departure for, *inter alia*, his previous counsel's purported ineffective assistance. According to Mota, his prior counsel (and the government) significantly underestimated the sentence that Mota would be facing as the result of his guilty plea. Mota claimed that his guilty plea was premised, in part, on the fact that his counsel led him to believe that he would be sentenced to between 27 and 33 months of incarceration. Instead, Mota's Sentencing Guidelines imprisonment range of 70 to 87 months was much more severe.

The government opposed such a departure, emphasizing that during Mota's plea allocution, Magistrate Judge Go unmistakably stated to Mota that the sentencing range initially calculated by the government and by Mota's attorney was only an estimate and "could be wrong." Mota indicated that he understood that even if his ultimate sentence was "higher than estimated, recommended by [his] counsel, or expected by [him]," he would not be permitted to withdraw his guilty plea.

At Mota's sentencing on October 23, 2002, the District Court declined to grant him a downward departure for ineffective assistance of counsel. The court noted that although it was "regrettable and unfortunate that there was an error or miscalculation in the amount of time the defendant was to serve upon a plea of guilty," such an error was "not a reason to downwardly depart." The court sentenced Mota principally to 70 months' incarceration to be followed by three years of supervised release.

On appeal, Mota argues that the District Court erred when it declined to grant him a downward departure for ineffective assistance of counsel. This argument, however, is foreclosed by our holding in *United States v. Bicaksiz*, 194 F.3d 390 (2d Cir.1999), *cert. denied*, 528 U.S. 1161, 120 S.Ct. 1175, 145 L.Ed.2d 1083 (2000). In *Bicaksiz*, we stated "in the simplest and most categorical terms" that "[i]neffective assistance of counsel is not a basis for a downward departure at sentencing." *Id.* at 398; *see also id.* at 400 (reiterating "that there is no such thing as a downward departure for ineffective assistance of counsel"); *United States v. Carmichael*, 216 F.3d 224, 227 (2000) ("Ineffective assistance [of counsel] is a constitutional violation of a defendant's rights and not a mitigating factor to be considered at sentencing or resentencing."). In this case, as in *Bicaksiz*, the District Court properly denied the motion for a downward departure on this ground.

It is well settled that this Court lacks jurisdiction to review a district court's determination not to grant a downward departure. *See* 18 U.S.C. § 3742(a); *United States v. Hargrett*, 156 F.3d 447, 450 (2d Cir.1998); *United States v. Lawal*, 17 F.3d 560, 562 (2d Cir.1994). We may only review a district court's "discretionary decision not to depart downward if that decision is made in violation of the law or if that decision is a result of a misapplication of the Guidelines." *Lawal*, 17 F.3d at 562 (citation omitted). Here the District Court did not err or misapply the Guidelines. Accordingly, we lack jurisdiction to review Mota's appeal.

In reaching this result, we have not considered the merits of Mota's ineffective assistance of counsel claim and our decision is "without prejudice to the possible

raising of the ineffective-assistance contention in a separate § 2255 motion." *Id.* at 398; *see also Carmichael,* 216 F.3d at 226. Accordingly, Mota's appeal is DISMISSED for lack of appellate jurisdiction.