**UNITED STATES of America,**
**Appellee,**

v.

**Artour ARAKELIAN, Defendant–**
**Appellant.**

Artour Arakelian, Petitioner–Appellant,

v.

United States of America,
Respondent–Appellee.

Nos. 05–5058–pr, 06–2332–cr.

United States Court of Appeals,
Second Circuit.

Feb. 27, 2007.

Cheryl J. Sturm, Attorney–At–Law, Chaddsford, Pa., for Defendant–Appellant–Petitioner.

Katherine Polk Failla, Assistant U.S. Attorney for the Southern District of New York, for Michael J. Garcia, U.S. Attorney for the Southern District of New York (Marc Litt and Celeste L. Koeleveld, on the brief), for Appellee–Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Appellant Artour Arakelian appeals from a judgment of conviction for various wire and mail fraud charges entered after a plea of guilty on May 15, 2006. Arakelian argues that the district court erred in imposing a two-level sentencing enhancement for obstruction of justice and in rejecting Arakelian's claim of ineffective assistance of counsel. In a separate appeal that we heard in tandem, Arakelian also contests the district court's dismissal of his petition for a writ of habeas corpus pursu-

ant to 28 U.S.C. § 2241. We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

■ We cannot say that the district court erred in applying an obstruction-of-justice sentencing enhancement based on the defendant's alleged perjury in a declaration accompanying his § 2241 habeas petition. Section 3C1.1 of the Sentencing Guidelines authorizes a two-level upward adjustment if "the defendant willfully . . . attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct." U.S.S.G. § 3C1.1. To apply the adjustment, a district court must find, by a preponderance of the evidence, "that the defendant 1) willfully 2) and materially 3) committed perjury, which is (a) the intentional (b) giving of false testimony (c) as to a material matter." *United States v. Ben–Shimon*, 249 F.3d 98, 102 (2d Cir.2001) (quoting *United States v. Zagari*, 111 F.3d 307, 329 (2d Cir.1997)). The judge's factual findings "may be disturbed only where clearly erroneous." *Id.*

At a *Fatico* sentencing hearing, the intertwined issues of obstruction of justice and ineffective assistance of counsel were considered. Conflicting testimony was presented as to whether Arakelian had knowingly perjured himself by stating, in his § 2241 declaration, that he would have accepted a government plea offer of 46 months if he had been advised to do so by his former attorney, Richard Jasper. Arakelian maintained the truthfulness of his declaration in the *Fatico* hearing. Jas-

per instead testified that he had strenuously urged Arakelian to accept the plea offer. If Jasper's testimony was true, Arakelian's declaration was perjurious, and so the district court found. The district court is entitled to significant deference in its credibility findings, and we can find no clear error in its crediting of Jasper's testimony over Arakelian's. Moreover, as the purpose of this perjurious declaration was to convince the district court to impose specific performance of an earlier plea offer with an attendant low sentence, it was an "attempt[ ] to obstruct or impede, the administration of justice during the course of the . . . prosecution, or sentencing of the instant offense of conviction," U.S.S.G. § 3C1.1. We therefore affirm the district court's conclusion that an obstruction-of-justice adjustment was warranted.

■ Arakelian also challenges the district court's rejection of his ineffective assistance of counsel claim. To prevail on such a claim, Arakelian must demonstrate that (a) his attorney's performance "fell below an objective standard of reasonableness" under the "prevailing professional norms," *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and (b) that there is a "reasonable probability" that, absent counsel's error, the outcome of the proceeding would have been different. *Id.* at 692, 694, 104 S.Ct. 2052; *see also United States v. Gordon*, 156 F.3d 376, 380–81 (2d Cir.1998).

When the record is sufficiently developed, we may consider and rule on an ineffective assistance of counsel claim on direct appeal. *United States v. Leone*, 215 F.3d 253, 256 (2d Cir.2000). Because the issue was fully litigated below, we accept the parties' request to consider the issue here.[1]

1. It is important to note that neither party challenges the district court's conclusion that

it could consider defendant's ineffective assistance of counsel claim as a ground for depar-

After the comprehensive hearing on whether Arakelian's attorneys had adequately advised Arakelian with respect to the government's 46–month plea offer, the district court concluded, in a thoughtful opinion, that (a) one of Arakelian's counsel, Jasper, had met all the *Strickland* requirements; (b) that the performance of Samuel Weissman, the other of his two attorneys, was deficient; but (c) that Arakelian had not shown the prejudice required by *Strickland's* second prong. We see no reason to disturb these conclusions, which were fully grounded in the record.

Arakelian's argument that the district court applied a "mathematical certainty test" instead of the required "reasonable probability of a different outcome" test for prejudice is without merit. The district court expressly noted and applied the correct legal standard from *Strickland.* Nor was the district court's application of the "reasonable probability" test in error. Taking all of the circumstances of this case into consideration, including the district court's reasonable determination that Arakelian did receive competent advice

from Jasper, we agree that the evidence fails to establish that there was a "reasonable probability" that, absent the defective advice he assertedly received from Weissman, Arakelian would have accepted the 46 month plea offer.[2] Since the prejudice required under *Strickland* has not been shown, we conclude that Arakelian did not receive constitutionally ineffective counsel.

In the second appeal, Arakelian challenges the district court's dismissal of his habeas petition filed pursuant to § 2241. The district court dismissed the petition on the grounds that § 2241 cannot be used to raise an ineffective assistance of counsel claim prior to sentencing. This question is an open one in this Circuit and it raises important issues concerning both the relationship between § 2241 and 28 U.S.C. § 2255 and the scope of the habeas writ itself. We have no opportunity to consider the question here, however. The only claim raised in the underlying habeas petition is the same ineffective assistance of counsel claim presented on direct appeal. Because this ineffective assistance of coun-

---

ture at sentencing. Such a view has been rejected by this Court in the context of an ineffective assistance of counsel claim that went to the validity of a defendant's conviction. *See United States v. Bicaksiz,* 194 F.3d 390, 397–98 (2d Cir.1999). One appropriate procedural vehicle to test the effectiveness of counsel in this plea bargain-based case would have been for defendant to have sought the withdrawal of his plea pursuant to Federal Rule of Criminal Procedure 11(d). Defendant would then have been free to argue and prove that his counsel failed to adequately advise him of the earlier and lower sentence offer. *See United States v. Arteca,* 411 F.3d 315, 320 (2d Cir.2005). Given that neither party contests the procedural anomaly that this case presents, we are satisfied that, in essence, the *Fatico* hearing became the functional equivalent of a hearing to determine if defendant's counsel's effectiveness undercut the knowing and voluntary nature of his plea.

2. In making this determination we do not rely on the district court's statements that "in light of the Court's own reaction to the victim impact statements received in February 2005 prior to the scheduled sentencing, the Court does not believe that it would have accepted such a plea bargain for 46 months and would have considered departing from the agreed upon plea." [SA 33] We note that the appropriate inquiry is not simply whether if the defendant had accepted the plea the district court would have departed from the 46 month agreed upon sentence, but rather whether it would have departed all the way up to the 108 month sentence ultimately imposed. *Cf. United States v. Carmichael,* 216 F.3d 224, 226–227 (2d Cir.2000) (explaining that the remedy for ineffective assistance of counsel at the plea bargaining stage is "resentencing ... to the terms appellant would have received had he been given proper legal advice"). We cannot say from the district court's statements whether this would have been the case.

sel claim has now been fully adjudicated, we dismiss the appeal of the denial of the habeas petition as moot.

Appellant's judgement of conviction is therefore AFFIRMED, and his appeal of the dismissal of his habeas petition is DISMISSED as moot.