23-6670-cr (L)
*United States v. Madrid*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand twenty-five.

Present:

> ROBERT D. SACK,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

      *Appellee,*

    v.

CORNELIO CAZAREZ MADRID, a/k/a Ave Felix, SINOHE ANTONIO ARAUJO MEZA, a/k/a Carrera,

      *Defendants-Appellants*,

HERNAN CAZAREZ MADRID, a/k/a Alfredo,

      *Defendant.*

23-6670-cr (Lead)
23-6679-cr (Con)

---

| | |
|---|---|
| For Appellee: | Chealsea L. Scism, Olga I. Zverovich, Assistant United States Attorneys, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY. |

1

| For Defendant-Appellant Cornelio Cazarez Madrid: | Alexei Schacht, Alexei Schacht, Attorney at Law, New York, NY. |
| --- | --- |
| For Defendant-Appellant Sinohe Antonio Araujo Meza: | Bielka Tortorelli, Tortorelli Law Firm, New York, NY. |

Appeals from judgments of conviction of the United States District Court for the Southern District of New York (Gregory H. Woods, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

Defendants-Appellants Cornelio Cazarez Madrid ("Cazarez") and Sinohe Antonio Araujo Meza ("Meza") appeal from judgments of conviction entered on June 6, 2023, and June 5, 2023, respectively, in the United States District Court for the Southern District of New York (Gregory H. Woods, *District Judge*) following their guilty pleas. A superseding indictment filed on June 26, 2019, charged Cazarez and Meza with two counts arising from their involvement in a Mexico-based drug trafficking organization known as the Sinaloa Cartel.[1] Count One charged the defendants with conspiring (a) to import unlawfully at least one kilogram of heroin, five kilograms of cocaine, and 500 grams of methamphetamine into the United States, and (b) to manufacture, distribute, and possess with intent to distribute such controlled substances with knowledge that they would be imported unlawfully into the United States, in violation of 21 U.S.C. §§ 952(a), 959(a), 959(d), and 963, and 18 U.S.C. § 3238. Count Two charged the defendants with conspiring to distribute and to possess with intent to distribute the same controlled substances in the same quantities set forth in Count One, in violation of 21 U.S.C. § 846.

---

[1] The superseding indictment also charged a third defendant, Hernan Cazarez Madrid. According to the government, he "is believed to be located overseas and has not been arrested on the charges in this case." Gov't Br. 2 n.1. The charges against him remain pending.

On July 30, 2019, Cazarez and Meza each pleaded guilty to both counts in the superseding indictment without the benefit of a plea agreement. Nearly four years later, in May 2023, after they had each obtained new counsel, the defendants filed their respective sentencing submissions; they both alleged, for the first time, that the attorneys who had represented them when they pleaded guilty had labored under conflicts of interest. Nevertheless, during separate sentencing hearings on June 5, 2023, the defendants each stated that they had discussed their decisions to plead guilty with their new counsel and did not wish to withdraw their guilty pleas. The district court therefore proceeded to impose a sentence for each defendant, sentencing Cazarez principally to 456 months in prison, and Meza principally to 360 months in prison. Cazarez and Meza now appeal. While they seek different remedies (Cazarez a remand to the district court for a reduction in his sentence, and Meza a vacatur of his conviction ), they assert the same principal arguments. First, they argue that they were deprived of their Sixth Amendment right to the effective assistance of counsel during their plea negotiations. Second, they argue that the district court erred by failing to hold a hearing regarding their former attorneys' alleged conflicts of interest pursuant to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982). We assume the parties' familiarity with the case.

## I.  Ineffective Assistance of Counsel

The defendants contend that they received ineffective assistance under the Sixth Amendment because the attorneys who represented them when they pleaded guilty suffered from actual, or at least potential, conflicts of interest that adversely affected the attorneys' performance and prejudiced the defendants. In response, the government argues that the defendants waived their ineffective assistance claims by expressly affirming to the district court that they did not wish to withdraw their guilty pleas even after raising the alleged conflicts prior to sentencing.

3

Waiver occurs when a defendant makes an "intentional decision not to assert a right." *United States v. Spruill*, 808 F.3d 585, 597 (2d Cir. 2015).[2]  In general, the law presumes that "an individual who, with a full understanding of his or her rights, acts in a manner inconsistent with their exercise has made a deliberate choice to relinquish the protection those rights afford." *Berghuis v. Thompkins*, 560 U.S. 370, 385 (2010).  "Various circumstances can manifest a defendant's intentional relinquishment of a known right," such as when the defendant "asserts, but subsequently withdraws, an objection in the district court," or when the defendant "makes a tactical decision not to raise an objection."  *Spruill*, 808 F.3d at 597.  Irrespective of how it occurs, "waiver necessarily extinguishes the claim altogether," precluding appellate review.  *United States v. Yu-Leung*, 51 F.3d 1116, 1121 (2d Cir. 1995).

Here, the record shows that the defendants have waived their ineffective assistance claims. In 2018, after the defendants had been arrested, Cazarez retained Jan Ronis, Esq., to represent him, and hired Greta von Helms, Esq., and Guadalupe Valencia, Esq., to represent Meza.  At the plea proceedings on July 30, 2019, Ronis appeared for Cazarez, and Von Helms appeared for Meza. Both defendants subsequently changed counsel while awaiting sentencing.  In May 2023, when they filed their respective sentencing submissions, Cazarez and Meza alleged, for the first time, that their original counsel had conflicts of interest that resulted in constitutionally deficient representation.  Specifically, Cazarez alleged that Ronis, von Helms, and Valencia "practice as separate law firms but . . . are really a single unit," that they shared an office space, and that "Mr. Ronis and Ms. von Helms are a married couple." Joint App'x at 183.   Meanwhile, Meza alleged that because Cazarez had hired von Helms and Valencia to represent him, they "gave preference

---

[2] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

to [Cazarez's] instructions rather than listening to [Meza] separately and acting accordingly." *Id.* at 208. Further, both Cazarez and Meza argued that while laboring under these conflicts, their lawyers engaged in frivolous joint motion practice that delayed their cooperation with the government, thereby costing them valuable cooperation credit for sentencing purposes. The district court addressed these allegations during separate sentencing hearings on June 5, 2023. After confirming that Cazarez and Meza had discussed their decisions to plead guilty with their new counsel, the district court asked them whether they wished to withdraw their guilty pleas. Both Cazarez and Meza responded, "No."

By persisting in their guilty pleas despite having raised ineffective assistance claims against their prior counsel, Cazarez and Meza made a deliberate choice to abandon those claims. The district court offered them an opportunity to withdraw their guilty pleas in light of their allegations that they entered those pleas while receiving constitutionally deficient representation. Both defendants declined that opportunity; instead, they affirmed their decisions to plead guilty and opted to proceed with sentencing. This Court and other courts of appeals have consistently recognized that when a defendant makes such a "tactical decision" to abandon an argument or objection, or to agree to a particular course of action, he has waived the right to claim error later. *See Spruill*, 808 F.3d at 597 (collecting cases); *see also United States v. Zubia-Torres*, 550 F.3d 1202, 1205 (10th Cir. 2008) ("We typically find waiver in cases where . . . a party attempts to reassert an argument that it previously raised and abandoned below."). The defendants' decisions to affirm their guilty pleas were plainly inconsistent with the vindication of their Sixth Amendment claims. *See Berghuis*, 560 U.S. at 385. They could have instead moved to withdraw their guilty pleas, a common strategic choice for a defendant who alleges ineffective assistance of counsel during plea negotiations. *See United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005); *see also*

*United States v. Arakelian*, 218 F. App'x 76, 78 n.1 (2d Cir. 2007) ("One appropriate procedural vehicle to test the effectiveness of counsel in this plea bargain-based case would have been for defendant to have sought the withdrawal of his plea pursuant to Federal Rule of Criminal Procedure 11(d)."). Moreover, a defendant who pleads guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea," unless he "attack[s] the voluntary and intelligent character of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Neither Cazarez nor Meza argues that his guilty plea was involuntary or unknowing. In sum, the defendants have waived their ineffective assistance claims.

**II.      *Curcio* Hearing**

The defendants also argue that the district court erred by failing to hold a *Curcio* hearing to obtain their knowing and voluntary waiver of their right to conflict-free counsel. But Cazarez and Meza waived this argument, too, when they affirmed their decisions to plead guilty during their sentencing hearings, where they were represented by new attorneys. *See United States v. Maher*, 108 F.3d 1513, 1528 (2d Cir. 1997) ("[A] defendant who pleads guilty unconditionally admits his guilt and waives his right to appeal all nonjurisdictional contentions.").

\*      \*      \*

We have considered the defendants' remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the judgments of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

6